NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KRZYSZTOF SPRYSAK,          :
                            :
            Petitioner,     :    Civil No. 10-4349 (JLL)
                            :
v.                          :    OPINION AND ORDER
                            :
ESSEX COUNTY SHERIFF        :
DEPARTMENT,                 :
                            :
            Respondent.     :

**APPEARANCES:**

Petitioner pro se
Krzysztof Sprysak
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

**LINARES,** District Judge

Petitioner has submitted to the Clerk of this Court a filing captioned as "Gagnon Hearing Demand." Petitioner is currently incarcerated at FCI Allenwood in White Deer, Pennsylvania. Essex County Sheriff Department is named as the sole respondent. Although very limited information is provided with the pleading, it appears that Petitioner is challenging a proceeding and/or conviction in Essex County, New Jersey. The Court construes this pleading as Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the Essex County matter.

It appearing that:

1. Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a);

2. Plaintiff did not submit an application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915,

and it further appearing that:

3. Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions." Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner. <u>See</u> <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 494-95, 500 (1973).

4. A Petitioner must challenge his future state custody in the appropriate federal court. <u>See</u> 28 U.S.C. §§ 2241(d), 2254. <u>See also</u> <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 493-94 (1973) (in habeas action to compel state-court trial, district where indictments were pending, where all of the material events took place, and where the records and witnesses pertinent to the petitioner's claims were likely to be found was "almost surely the most desirable forum for the adjudication of the claim").

5. A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available

2

State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1] 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

6. Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." See also Rule 2, Rules Governing § 2254 Cases in the United States District Court. As explained in the Advisory Committee Notes following Rule 2, (1) an applicant in jail, prison, or other actual physical restraint shall name as respondent "the state officer who has official custody of the petitioner (for example, the warden of the prison)," (2) an applicant who is on probation or parole due to the state judgment he is attacking shall name as the

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

3

respondent "the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate," and (3) an applicant in custody in any other manner due to the state action he seeks relief from shall name as respondent "the attorney general of the state wherein such action was taken." Rule 2, Rules Governing § 2254 Cases, Advisory Committee Notes (1976 Adoption). An applicant in jail, prison, or other physical restraint who is attacking a state action which will cause him to be kept in custody in the future shall name "the state or federal officer who has official custody of him at the time the petition is filed and the attorney general of the state whose action subjects the petitioner to future custody." Id. Thus, at the least, as Petitioner is not presently in custody within New Jersey, and he appears to be challenging an action within the state of New Jersey, he must name as a respondent the current Attorney General of New Jersey, an indispensable party for want of whose presence the Petition must be dismissed.

7. A federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 34, 45 (3d Cir.

1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. § 2243.

8. It appearing that Petitioner has failed to name as a respondent an indispensable party;

IT IS on this _____ day of _____, 2010,

ORDERED that the Clerk of the Court shall supply to Petitioner a blank form Application to Proceed In Forma Pauperis; and it is further

ORDERED that the Clerk of the Court shall supply to Petitioner a blank form to be used in a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254; and it is further

ORDERED that, within 30 days of the date of entry of this Order, Petitioner shall either remit the $5.00 filing fee or submit a completed and signed in forma pauperis application, with a certification of Petitioner's institutional account as required by Local Civil Rule 81.2(b); and it is further

ORDERED that, within 30 days of the date of entry of this Order, Petitioner may submit for filing a completed Petition for Writ Habeas Corpus under 28 U.S.C. § 2254 naming all indispensable parties and indicating exhaustion of state court remedies; and it is finally

ORDERED that if Petitioner does not, within 30 days of the entry of this Order, (1) remit the $5.00 filing fee or submit a completed and signed in forma pauperis application, with a certification of Petitioner's institutional account as required

5

by Local Civil Rule 81.2(b), and (2) submit an amended petition naming as a party respondent the warden of the facility in which he is confined, the Court will, without further notice, enter an Order deeming the Petition withdrawn.

                                                  Jose L. Linares
                                                  United States District Judge